## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WILLIAM D. MCCASKILL**                                    CIVIL ACTION

**VERSUS**                                                          No. 23-3233

**USAA CASUALTY INSURANCE**                        SECTION I
**COMPANY**

### ORDER & REASONS

Before the Court is defendant USAA Casualty Insurance Company's ("defendant") motion[1] to dismiss plaintiff William McCaskill's ("plaintiff") complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Plaintiff has not filed any opposition to the motion, and the deadline for doing so has passed.[2] For the reasons that follow, the Court grants defendant's motion to dismiss.

### I.        FACTUAL BACKGROUND

This case arises from the landfall of Hurricane Ida on August 29, 2021 near Port Fourchon, Louisiana.[3] Plaintiff alleges that Hurricane Ida caused severe damage to his property, which is located at 415 Magnolia Ln., Mandeville, LA 70471.[4] Plaintiff also alleges that the property was "covered under a policy issued by Defendant with

---

[1] R. Doc. No. 13.

[2] The motion was set for submission on November 29, 2023. Therefore, pursuant to Local Rule 7.5, plaintiff's response was due on November 21, 2023.

[3] R. Doc. No. 1, ¶ 8.

[4] *Id.* ¶¶ 9–10.

policy Number 001181266/97A[.]"[5] Plaintiff asserts that defendant breached the insurance policy and violated Louisiana Revised Statutes § 22:1892 and/or § 22:1973.[6]

Defendant's present motion to dismiss pursuant to Rule 12(b)(6) argues that plaintiff sued the wrong entity because United Services Automobile Association ("USAA") issued the policy, not defendant.[7] Defendant also contends that amending the complaint to name USAA would not cure plaintiff's failure to state a claim because USAA is a citizen of all fifty states, precluding subject matter jurisdiction pursuant to Rule 12(b)(1).[8]

## II.   LEGAL STANDARDS

### a.  Rule 12(b)(6)

Rule 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant

---

[5] *Id.* ¶ 11.
[6] *Id.* ¶¶ 41–56.
[7] R. Doc. No. 13-1, at 4.
[8] *Id.* at 4–5.

has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### b. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Pursuant to Rule 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. If a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See, e.g.*, *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III.   ANALYSIS

Defendant primarily argues that plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because plaintiff sued the wrong entity.[9] According to defendant, the policy referenced by plaintiff's complaint indicates that USAA issued the policy, not defendant.[10] For purposes of deciding defendant's motion to dismiss, the Court considers the policy as well as plaintiff's complaint because the policy is central to plaintiff's claim and referenced by the complaint. *See Lone Star Fund*, 594 F.3d at 387.

The policy indicates that it was issued by USAA. The name "United Services Automobile Association" is listed at the top of pages 10 and 11 of the policy, and the acronym "USAA" appears on almost every page of the policy.[11] The policy does not mention defendant's name, USAA Casualty Insurance Company. Accordingly, defendant is correct that plaintiff has failed to state a claim against defendant upon which relief may be granted. *See Ashcroft*, 556 U.S. at 663 ("A claim has facial

---

[9] R. Doc. No. 13-1, at 4. Defendant does not argue that the Court lacks subject matter jurisdiction over plaintiff's claims against it, as plaintiff is a citizen of Louisiana and defendant is a citizen of Texas. Defendant's jurisdictional argument is only asserted in support of its contention that permitting plaintiff to amend his complaint to name another defendant would not save plaintiff's claims from dismissal because, according to defendant, the Court would lack diversity jurisdiction over any claims brought by plaintiff against the other defendant. Accordingly, the Court need not consider defendant's Rule 12(b)(1) argument before considering its Rule 12(b)(6) argument. *Cf. In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d at 286 (citation omitted).

[10] *Id.*

[11] *See generally* R. Doc. No. 14-1 (insurance policy).

plausibility when the pleaded factual content allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged." (emphasis added)).

Further, as defendant points out,[12] permitting plaintiff to amend his complaint to name the entity that issued the policy—USAA—would be futile because such an amendment would destroy the Court's matter jurisdiction. *See, e.g.*, *North Atlantic Sec. Co. v. Blache*, 2019 WL 4803231, at *3 (M.D. La. Oct. 1, 2019) ("A proposed amendment may . . . be considered futile where the court would lack subject matter jurisdiction over the amended claim." (citations omitted)). Plaintiff's complaint asserts that this Court has subject matter jurisdiction over the case based on the parties' diversity of citizenship.[13] Federal district courts have diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000" and "is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff asserts that this Court has diversity jurisdiction because plaintiff is a citizen of Louisiana, defendant is a citizen of Texas, and the amount in controversy exceeds $75,000.[14]

However, if plaintiff were permitted to amend his complaint to name USAA as a defendant, the Court would no longer have diversity jurisdiction. As other sections of this Court have held, USAA is a reciprocal interinsurance exchange with members in Louisiana, and it is therefore a citizen of Louisiana. *See Ourso v. United Servs. Auto. Ass'n*, No. 06-4354, 2007 WL 275902, at *2 (E.D. La. Jan. 25, 2007) (Vance, J.) ("[T]he Court finds that USAA is a reciprocal interinsurance exchange with members

---

[12] R. Doc. No. 13-1, at 4–5.
[13] R. Doc. No. 1, ¶ 4.
[14] *Id.* ¶¶ 1–2, 4.

in Louisiana."); *Drake v. United Servs. Auto. Ass'n*, No. 19-13724, 2020 WL 6262996, at *2 (E.D. La. Feb. 28, 2020) (Guidry, J.) ("[T]he Court finds that USAA is a reciprocal interinsurance exchange with members in Louisiana."); *Cruz v. United Servs. Auto. Ass'n*, No. 21-515, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021) (Vitter, J.) ("[N]umerous sections of this Court have found that USAA is a reciprocal insurance organization that has members in all fifty states, and is therefore a citizen of Louisiana.").

Because USAA is a citizen of Louisiana and plaintiff's complaint indicates that plaintiff is also a citizen of Louisiana,[15] the Court would lack subject matter jurisdiction over any claim plaintiff might bring against USAA. Accordingly, permitting plaintiff to amend his complaint to name USAA would be futile.

## IV.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. Plaintiff's claims against defendant are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, December 14, 2023.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. No. 1, ¶ 1.